961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jairo Evaresto FORERO, Defendant-Appellant.
 No. 91-3394.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1992.
 
 Before KENNEDY and SILER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Jairo Forero appeals the judgment entered against him after a jury convicted him of distribution of cocaine, conspiracy to distribute cocaine, and interstate travel with intent to commit a crime of violence to facilitate a cocaine conspiracy. Defendant alleges error in denying his motion seeking a continuance, which prevented him from substituting counsel and thereby deprived him of his constitutional right to effective counsel of choice. For the reasons set forth below, we AFFIRM the decision and judgment of the District Court.
 
 I.
 
 2
 Defendant was indicted on a multiple count, multiple defendant indictment on September 21, 1989. Defendant represented to the court that he was indigent, so counsel was appointed for him, and trial was set for January 29, 1990. On motion of defendant's counsel, trial was continued until April 2, 1990. Just before the rescheduled trial was to begin, on March 29, 1990, however, defendant filed another motion for a continuance, this time seeking to substitute retained counsel for his appointed counsel and to provide his newly retained counsel a full opportunity to prepare his defense.
 
 
 3
 Defendant claimed that he was not satisfied with the representation of his appointed counsel, principally due to counsel's recommendation that defendant accept the government's plea offer. Defendant's family then managed to secure $2,000 to assist him in retaining counsel. This newly retained counsel appeared at the motion for continuance on March 29, 1990, and confirmed that he was retained for $2,000 to seek the continuance, and that he would need more time to prepare a defense. Retained counsel acknowledged that the circumstances were unusual and that the request was unlikely to be favorably received. Consistent with this assessment, the District Court denied the motion for a continuance after determining that the government and its witnesses were ready to go, and that any rescheduling would have pushed the trial date back to June, 1990 at the earliest. The denial of the continuance effectively mooted the motion to substitute counsel, although it should be noted that the District Court offered to allow the proposed retained counsel the opportunity to participate on the established schedule.
 
 
 4
 Defendant was convicted, and has taken this appeal. He alleges error in the denial of the motion to continue the trial. He also alleges deprivation of his right to effective assistance of counsel, since the denial of the continuance effectively left him unable to substitute retained counsel at that juncture, and he disagreed with appointed counsel's assessment of the case.
 
 II.
 
 5
 We review a denial of a motion for a continuance under an abuse of discretion standard of review. See Bennett v. Scroggy, 793 F.2d 772, 774-75 (6th Cir.1986). The abuse of discretion must have been so arbitrary and fundamentally unfair that it denied defendant due process. The Supreme Court has cautioned that we must afford trial courts broad discretion in granting or denying continuances. Morris v. Slappy, 461 U.S. 1 (1983). This Circuit has set forth several factors to be considered in determining whether a continuance should be granted. These include the length of the delay, the inconvenience posed to the litigants, witnesses, counsel and the court, the availability of other competent counsel, the complexity of the case, whether the delay is caused by the defendant, whether any previous continuances had been granted, and whether denying the continuance will lead to identifiable prejudice. Wilson v. Mintzes, 761 F.2d 275 (6th Cir.1985).
 
 
 6
 All of these factors work against the defendant. The continuance at issue came on the heels of another, two-month long continuance granted at defendant's request. The circumstances surrounding the second requested continuance were entirely of his own creation. He wished to substitute counsel because, after a several-month delay, he had scraped deeply enough into his family's finances to secure $2,000, which would only get him his retained counsel through the continuance hearing. Nothing was mentioned about funding the rest of the trial, and it appears quite possible that, had the continuance been granted, a subsequent continuance and substitution would have been sought to reinstate appointed counsel upon the exhaustion of the $2,000. Furthermore, no legitimate reason was given why defendant could afford retained counsel at that point, but could not have done so at some earlier point, or even why appointed counsel was necessary in the first place.
 
 
 7
 The potential inconvenience to the court, the litigants and the witnesses was substantial, as the trial would have been put off several additional months. Thus, rather than the original January trial date, a June trial date was the earliest possible. For the April trial, defendant had his appointed counsel ready to go, and no showing was made of any benefit to accrue by granting the continuance. Appointed counsel was an experienced lawyer who acknowledged having had adequate preparatory time, and in fact stated that he was ready to proceed. Counsel's performance at trial bore this out. Defendant's last minute wish for a different lawyer or different defense analysis, after having several months to work these matters out, does not present the type of injustice or deprivation of due process mandating the granting of the continuance.
 
 
 8
 Defendant has also raised an ineffective assistance of counsel argument. He failed to raise it in the District Court. We, therefore, do not have the benefit of a developed record on this matter. Consistent with established precedent in this Circuit, we decline to address this argument for the first time on appeal. United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991).
 
 III.
 
 9
 For the reasons set forth above, we AFFIRM the decision and judgment of the District Court.